**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank J. Grimmelmann, individually and on behalf of all other similarly situated,<br><br>   Plaintiff,<br><br>vs.<br><br>Pulte Home Corporation; Del Webb Corporation; Del Webb's Coventry Homes, Inc.; Anthem Arizona, LLC; The Villages at Desert Hills, Inc.; Citizens Utilities Company; Citizens Water Services Company of Arizona; Citizens Water Resources Company of Arizona; Arizona-American Water Company, Inc.<br><br>   Defendants. | No. CV-08-1878-PHX-FJM<br><br>**ORDER** |

The court has before it defendant Arizona-American Water Company Inc.'s motion to dismiss (doc. 12); defendants Citizens Utilities Company, Citizens Water Services Company of Arizona, and Citizens Water Resources Company of Arizona's (collectively, the "Citizens Utility Defendants") motion to dismiss (doc. 17); defendants Pulte Home Corporation, Del Webb Corporation, Del Webb's Coventry Homes, Inc., Anthem Arizona, LLC, and the Villages at Desert Hills, LLC's (collectively, "Del Webb") motion to dismiss (doc 19); plaintiff Frank J. Grimmelmann's respective responses (docs. 23, 27, 26); and defendants' respective replies (docs. 25, 30, 29).

## I. Background

Plaintiff Frank J. Grimmelmann, on behalf of himself and a putative class of similarly situated homeowners, sued defendants alleging violation of Arizona's Consumer Fraud Act, violation of Arizona's anti-trust law, breach of contract, negligent misrepresentation, and a claim for declaratory and injunctive relief. Plaintiff alleges that Del Webb Corporation, and its successor corporation, Pulte Home Corporation, constructed a housing development known as Anthem, and created several subsidiaries, the Citizens Utility Defendants, which are public service corporations authorized by the Arizona Corporation Commission to provide water and wastewater utility services to thousands of homes in Anthem. The Citizens Utility Defendants stopped providing services in Anthem in January 2002, when it, along with Del Webb, arranged for the sale of the water delivery and sewage system to Arizona-American Water Company ("Arizona-American") for approximately $100 million. To pay the purchase price for the water delivery system, Arizona-American sought and obtained 100% increases in the utility rates from the Corporation Commission. Arizona-American then began charging the Anthem homeowners—members of the putative class—the increased rates. Plaintiff claims that the increased utility rates were intended to reimburse Del Webb for the costs of constructing the water and sewage systems, notwithstanding that the Anthem home buyers had already paid (or believed they had already paid) for the water delivery system when they purchased their homes.

## II. Subject Matter Jurisdiction

Plaintiff filed this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA"). We asked the parties to submit memoranda explaining the basis for our jurisdiction under that statute (docs. 39, 42). The CAFA vests us with jurisdiction in class actions involving an amount in controversy in excess of $5 million and in which, *inter alia,* any class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2). However, the CAFA contains several jurisdictional exceptions. For example, we are required to decline jurisdiction over a class in which (1) greater than two-thirds of plaintiff class members are citizens of the forum state; (2) at least one "significant defendant"

1  is also a citizen of the forum state; (3) the alleged principal injuries were incurred in the
2  forum state; and (4) no other class action asserting similar allegations has been filed against
3  any of the defendants in the previous three years.  Id. § 1332(d)(4)(A).

4       We are now informed that there is currently pending in this court another action
5  substantially similar to the one before us.  In Yulga v. Pulte Home Corp., No. 08-CV-1757-
6  ROS, the plaintiffs also allege that Pulte and Del Webb "double charged" home buyers for
7  the Anthem water infrastructure.  It appears that the putative classes in Yulga and the case
8  before us directly overlap.[1]  Because the third criterion of § 1332(d)(4)(A) is not met, we are
9  not required to decline jurisdiction on this basis.

10       We must also decline jurisdiction when more than two-thirds of the proposed plaintiff
11  class and the "primary defendants" are citizens of the forum state.  28 U.S.C. §
12  1332(d)(4)(B).  Plaintiff acknowledges that at least two-thirds of the plaintiff's class are
13  citizens of Arizona.  Plaintiff's Memorandum re: Jurisdiction at 5.  The question, then, is
14  whether the "primary defendants" are also Arizona citizens.  Although the CAFA does not
15  define the term "primary defendants," some courts have interpreted it to mean "those parties
16  that are directly liable to plaintiffs," as opposed to those joined on a theory of vicarious
17  liability, or for indemnification or contribution.  See, e.g., Sorrentino v. ASN Roosevelt
18  Center, LLC, 588 F. Supp. 2d 350, 359 (E.D.N.Y. 2008); Anthony v. Small Tube Mfg. Corp.,
19  535 F. Supp. 2d 506, 515-16 (E.D. Pa. 2007).  The parties agree that Pulte Home
20  Corporation, a Michigan corporation, and Del Webb Corporation, a Delaware corporation,
21  are directly liable to plaintiff and are therefore "primary defendants" for purposes of the
22  CAFA.  Because it appears that Del Webb and Pulte are primary defendants, we are not
23  required to decline jurisdiction on this basis.

24       We may in our discretion decline to exercise jurisdiction over a class in which greater
25  than one-third but less than two-thirds of the class members and the primary defendants are
26  citizens of the forum state.  28 U.S.C. § 1332(d)(3).  We have already concluded that the

27
28      [1]We note that no motion to consolidate has been filed.

- 3 -

primary defendants are not Arizona residents. In addition, the putative class appears to be entirely comprised of Arizona residents. Therefore, this class action does not fit within the discretionary exception to CAFA jurisdiction. Although this case is limited to issues of state law and local concern, on balance the principles underlying the CAFA are satisfied by our exercise of jurisdiction.

### III. Arizona's Consumer Fraud Act – Arizona-American Water Company and Citizens Utility Defendants

Arizona's Consumer Fraud Act, A.R.S. §§ 44-1521–1534, makes unlawful the "act, use or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, *in connection with the sale or advertisement of any merchandise*." A.R.S. § 44-1522(A) (emphasis added). Under A.R.S. § 44-1521(5), "merchandise" includes real estate. Arizona-American and the Citizens Utility Defendants (collectively, the "Utility Defendants") argue that plaintiff has failed to state a claim under Arizona's Consumer Fraud Act because plaintiff does not, and cannot in good faith, allege that the Utility Defendants were involved in the sale or advertisement of plaintiff's, or any class member's, home.

Plaintiff's complaint broadly alleges that "[All] Defendants made material omissions or misrepresentations in connection with the sale of the homes within Anthem to Plaintiff and members of his Class." Complaint ¶ 58. Plaintiff now argues that this broad allegation, "encompassing *all* Defendants," Response at 4, is itself sufficient to overcome the Utility Defendants' motion to dismiss. We disagree.

"[A] plaintiff's obligation to provide the 'ground' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (citation omitted). Plaintiff alleges only that the Utility Defendants "[took] part in or contribute[d] to the planning, design, development, construction and operation of the Water Facilities serving the homes and others buildings and properties in

1  Anthem." Complaint ¶¶ 9-13. There is no allegation that the Utility Defendants were in any
2  way involved in the sale or related advertisement of homes, or that the Utility Defendants
3  made any misrepresentation upon which the home buyers relied. Moreover, there is no
4  allegation that the Utility Defendants failed to satisfy any reporting obligation. The reporting
5  obligation imposed on all "subdividers" of real property under A.R.S. § 32-2181(A), clearly
6  does not apply to the Utility Defendants. Although, for purposes of ruling on a motion to
7  dismiss, we will assume that the facts in a complaint are true, we are "not required to indulge
8  unwarranted inferences in order to save a complaint from dismissal." Metzler Inv. GMBH
9  v. Corinthian Colleges, Inc., 540 F.3d 1049, 1064-65 (9th Cir. 2008).

The Utility Defendants' motions to dismiss the claims under Arizona's Consumer Fraud Act are granted.

### IV.  Uniform State Antitrust Act – All Defendants

Arizona's antitrust act provides that any "contract, combination or conspiracy between two or more persons in restraint of, or to monopolize, trade or commerce, any part of which is within this state is unlawful." A.R.S. § 44-1402. We construe the state statute as we would the Sherman Act. A.R.S. § 44-1412.

Plaintiff alleges that Del Webb violated Arizona's antitrust act by entering into agreements with the Citizens Utility Defendants, and later with Arizona-American, whereby Del Webb agreed to build and then convey to the Utility Defendants, a water and wastewater delivery system serving Anthem residents. Pursuant to the agreement, the Utility Defendants agreed to reimburse Del Webb for the cost of building the water delivery system and pass their reimbursement obligation on to those using the water—the residents of Anthem—in the form of increased utility rates. Complaint ¶ 64. Plaintiff contends that the defendants failed to disclose the details of the agreement to prospective purchasers in order to induce them into purchasing properties in Anthem. Id. ¶ 65. According to plaintiff, the effect of the failure to disclose was to restrain trade by deterring purchasers from buying homes in areas other than the Anthem community. Id. ¶ 66.

1    To state an antitrust claim, a plaintiff must plead "not just ultimate facts . . . , but 2 evidentiary facts" which, if true, will prove: (1) a contract, combination, or conspiracy 3 among two or more persons or entities; (2) by which the persons or entities intended to harm 4 or restrain trade or commerce, and (3) which actually injures competition. Kendall v. Visa 5 USA, Inc., 518 F.3d 1042, 1047 (9th Cir. 2008) (citing Les Shockley Racing, Inc. v. Nat'l 6 Hot Rod Ass'n, 884 F.2d 504, 507 (9th Cir. 1989); Bell Atlantic, 550 U.S. at 553-57, 127 S. 7 Ct. at 1964-66). All defendants move to dismiss plaintiff's antitrust claim, arguing that 8 plaintiff has failed to allege an injury to competition.

9    A.R.S. § 44-1402 broadly describes as unlawful *every* contract, combination, or 10 conspiracy in restraint of trade. "Taken literally, this language would outlaw virtually every 11 commercial contract, since each time a buyer elects to deal with a particular seller the 12 contract limits the freedom of both to deal with others." Three Phoenix Co. v. Pace Indus., 13 Inc., 135 Ariz 113, 115, 659 P.2d 1258, 1260 (1983). Consequently, Arizona has adopted 14 the "rule of reason" for determining whether a business relationship violates the antitrust law. 15 Id.

16    Under the rule of reason analysis, we focus on the actual effects that the challenged 17 restraint has on competition in the relevant market. "Only when the restraining force of an 18 agreement or other arrangement affecting trade becomes unreasonably disruptive of market 19 functions such as price setting, resource allocation, market entry, or output designation is a 20 violation of the [antitrust act] threatened." Les Shockley Racing, 884 F.2d at 508. In other 21 words, antitrust laws apply only to contracts or combinations that are "unreasonably 22 restrictive of competitive conditions." Standard Oil v. U.S., 221 U.S. 1, 58, 31 S. Ct. 502, 23 515 (1911). Restraints that produce only insignificant restrictions on competition are not 24 unlawful. Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1413 (9th Cir. 1991) (holding that 25 plaintiff must show that "the restraint is likely to be of significant magnitude").

26    Here, plaintiff alleges that the effect of the agreement between Del Webb and the 27 Utility Defendants was "to restrain trade by deterring Plaintiff and members of his Class 28 from considering options to purchase homes and other properties in places other than the

1 Anthem community." Complaint ¶ 66. An injury to an antitrust plaintiff alone, however, is
2 not sufficient to prove an injury to competition. T.W. Elec. Serv. v. Pacific Elec.
3 Contractors Ass'n, 809 F.2d 626, 635 (9th Cir. 1987). "It is the impact upon competitive
4 conditions in a definable market which distinguishes the antitrust violation from the ordinary
5 business tort." McGlinchy v. Shell Chem. Co., 845 F.2d 802, 812-13 (9th Cir. 1988)
6 (citation omitted). Plaintiff alleges no injury to competition in general. He does not claim
7 that defendants attempted to divide market shares among themselves, fix prices, monopolize
8 a market, or otherwise prevent consumers from enjoying the benefits of free competition.
9 Nor does he suggest how his decision to purchase a home in Anthem detrimentally affected
10 competition in the Arizona housing market. Instead, he claims only that defendants' acts
11 caused him and members of his class to purchase a home in Anthem instead of elsewhere.
12 Under plaintiff's theory, every fraudulent act designed to induce the purchase of one product
13 over another would constitute an antitrust violation. This is clearly beyond the scope of
14 Arizona's antitrust act.

15 Because plaintiff has not specifically alleged that defendants' practices produced an
16 adverse effect on competition in general, he has failed to state a claim under Arizona's
17 antitrust act. Therefore, we grant defendants' motion to dismiss the antitrust claim.[2]

### V. Subsequent Purchasers

19 Finally, Del Webb moves to dismiss the consumer fraud and negligent
20 misrepresentation claims as to putative class members who are subsequent purchasers. The
21 named plaintiff is an original purchaser. We will not know whether subsequent purchasers
22 are parties until a motion for class certification is filed and determined. See Fed. R. Civ. P.
23 23(c)(1)(B); In re Wal-Mart Stores, Inc., 505 F. Supp. 2d 609, 614-15 (N.D. Cal. 2007)
24 (stating that most cases "considered the issue of the appropriate contours of class definitions

---

[2]Because we conclude that plaintiff fails to state any claim against the Utility Defendants, we need not address the Utility Defendants' arguments that plaintiff's claims are also barred by the Corporation Commission's exclusive jurisdiction, the Filed Rate Doctrine, and by A.R.S. § 40-286.

in the context of a motion for class certification"). We think it premature to decide an issue which may never arise. Therefore, we deny Del Webb's motion to dismiss claims against certain putative class members, without prejudice to Del Webb's right to raise this issue in response to a motion for class certification.

## VI. Conclusion

**IT IS ORDERED GRANTING** Arizona-American Water Company's motion to dismiss (doc. 12), and **GRANTING** the Citizens Utility Defendants' motion to dismiss (doc. 17). **IT IS FURTHER ORDERED GRANTING IN PART AND DENYING IN PART** Del Webb's motion to dismiss (doc. 19). The claim under Arizona's antitrust act is dismissed as against all defendants, and all claims against the Utility Defendants are dismissed. This leaves the claims for violation of the consumer fraud act, breach of contract, negligent misrepresentation, and declaratory and injunctive relief against Del Webb.

DATED this 1st day of May, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge